UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RYKER LOUIS SHAMPO,

      Plaintiff,

      v.                                    Case No. 25-cv-1742-bbc

JODY MALONEY,
JENNIFER MCCOMMONS,
OCONTO COUNTY,
CAROL KOPP,
LT. MARY RUECHEL,
SGT DAVID ROSENFELDT,
CO CHRISTOPHER MELLAND,
SOUTHERN HEALTH PARTNERS INC.,
CHAD ANGUS, and
WISCONSIN COUNTY MUTUAL COMPANY.

      Defendants.

---

## SCREENING ORDER

---

Plaintiff Ryker Louis Shampo, who is currently confined at the Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Oconto County Jail. On December 10, 2025, the Court screened the complaint and after concluding it did not comply with the Federal Rules of Civil Procedure, gave Shampo the opportunity to file an amended complaint, which he did on December 22, 2025. It is not clear why, but even though the Court had concluded that the original complaint was deficient, Defendants Jody Maloney, Jennifer McCommons, and Southern Health Partners Inc. filed an answer to the original complaint on January 2, 2026. The Court will screen the amended complaint, as required by 28 U.S.C. §1915A.

SCREENING OF THE AMENDED COMPLAINT

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst*, 328 F.3d 374, 378 (7th Cir. 2003)). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Id.*

THE COURT'S ANALYSIS

The plaintiff's amended complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure. It begins with "a short plain statement of the claim showing that the pleader is entitled to relief," as the rule requires, but then adds sixteen pages of handwritten "details" that set forth a person-by-person (some Defendants, some non-Defendants) catalogue of alleged wrongs as well as additional details of each incident that are not included in the body of the amended complaint. Shampo also attaches copies of the grievances he filed while at the jail without explanation of why he is attaching them. Taken as a whole, the amended complaint is repetitive and confusing, making it difficult to understand who did what, when and what happened as a result.

2

Moreover, the amended complaint is replete with legal conclusions that are unsupported by factual allegations. For example, Shampo asserts that Oconto County "took part in negligent hiring, supervision, training. Negligence gross negligence, wanton negligence, failure to provide." Shampo does not, however, include any factual allegations from which the Court can reasonably conclude that Oconto County is liable for the alleged misconduct. "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Simply accusing Oconto County of negligence will be insufficient to state a claim.

Shampo also joins unrelated claims against different defendants in the same pleading. He alleges that when he was incarcerated for several months beginning in May 2025, medical staff refused to allow the delivery of medications to treat various mental health conditions, which resulted in a mental health crisis. He then alleges that during a different period of incarceration beginning in September 2025, jail staff ignored his threats of self-harm, after which he seriously injured himself. As the Court explained in the original screening order, "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Claims about medical staff denying medication and claims that arose months later about jail staff ignoring threats of self-harm, cannot be pursued in the same case.

In short, the Court finds that the amended complaint fails to comply with Rule 8(a)(2) and Rules 18 and 20. The Court will give Shampo one final opportunity to prepare a complaint that complies with the Federal Rules of Civil Procedure, as explained to him in the Court's orders. The Court will again provide Shampo with an amended complaint form. **Shampo must use the form.** *See* Civil L. R. 9(b). If he needs additional space, he may attach no more than five additional pages, but Shampo should take care to state his allegations only *once* in a straightforward, chronological story. He does not need to identify the claims he believes he states; that is the Court's job. *See* 28 U.S.C. §1915A ("the court shall identify cognizable claims"). All Shampo must do is tell the Court what happened, who was involved, and how it impacted him. Shampo is again reminded that, at the pleading stage, he need only provide notice to the Defendants of why he is suing them. He should not try to prove his claims at this stage. The parties will later have an opportunity to provide evidence to prove their claims at the summary judgment stage.

The second amended complaint will take the place of the prior complaints, so it must be complete in itself without reference to the prior complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). If a second amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A. Defendants named in the second amended complaint should not respond to the second amended complaint until after the Court enters a screening order identify the cognizable claims.

**IT IS THEREFORE ORDERED** that on or before **February 18, 2026**, Shampo may file a second amended complaint curing the defects described in this decision. If he chooses not to file a second amended complaint, the Court will dismiss this action based on the amended complaint's failure to comply with the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Shampo a blank prisoner amended complaint form. Shampo must use the form.

Dated at Green Bay, Wisconsin this 15th day of January, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge
