UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RYKER LOUIS SHAMPO,

    Plaintiff,

    v.              Case No. 25-cv-1742-bbc

OCONTO COUNTY,
CAROL KOPP,
LT. MARY RUECHEL,
SGT DAVID ROSENFELDT,
CO CHRISTOPHER MELLAND,
CHAD ANGUS,
WISCONSIN COUNTY MUTUAL COMPANY, and
OCONTO COUNTY JAIL.

    Defendants.

---

## SCREENING ORDER

---

  Plaintiff Ryker Louis Shampo, who is currently confined at the Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Oconto County Jail. On January 15, 2026, the Court screened the amended complaint and after concluding that it did not comply with the Federal Rules of Civil Procedure, gave Shampo the opportunity to file a second amended complaint, which he did on February 2, 2026. The Court will screen the second amended complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE SECOND AMENDED COMPLAINT

  To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting his claims; he only has to "give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst*, 328 F.3d 374, 378 (7th Cir. 2003)). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Id.*

### ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

According to Shampo, on October 14, 2025, he was placed in segregation while confined at the Oconto County Jail. He states that he informed Sgt. David Rosenfeldt and CO Christopher Melland that he was suicidal and needed help. He states that he was placed in a receiving cell, but he was not searched or placed in restraints. Shampo asserts that Rosenfeldt and Melland knew to take his threats seriously because he had previously attempted suicide at the jail. He states that he later began screaming and punching the door while yelling "help me!" Shampo asserts that Rosenfeldt closed his office door and Melland ignored him. Shampo explains he found a pen in his pocket, which he began sharpening on the bed frame. He states that he cut himself for hours, eventually deep enough to pull out the fat of his arm. Shampo explains that another officer found him and saved his life. He was taken to the hospital to get stitches.
2

## The Court's Analysis

Shampo was a convicted prisoner on extended supervision while at the jail, so his claims arise under the Eighth Amendment. Jail officials violate the Eighth Amendment if they are aware of an objectively serious risk of harm to an inmate and knowingly or recklessly disregard it. *See Farmer v. Brennan*, 511 U.S. 825, 846 (1994). Notwithstanding the fact that deliberately causing harm to oneself would normally constitute a superseding or intervening cause of injury, *see Taylor v. Wausau Underwriters Ins. Co.*, 423 F. Supp. 2d 882, 888–89, 900 (E.D. Wis. 2006), the duty imposed on prison officials extends to protecting inmates from imminent threats of serious self-harm, and the "obligation to intervene covers self-destructive behaviors up to and including suicide." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 349 (7th Cir. 2018). With the foregoing in mind, Shampo states an Eighth Amendment claim against Rosenfeldt and Melland based on allegations that they failed to respond to his threats of self-harm. He may also proceed with a state law negligence claim against them.

Shampo does not, however, state a claim against Carol Kopp, Mary Ruechel, or Chad Angus based on allegations that they dismissed Shampo's grievances. "Only persons who cause or participate in the violations are responsible . . . [and] [r]uilng against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Nor do Shampo's assertions that these individuals failed to properly train or supervise Rosenfeldt and Melland state a claim. As with his prior complaints, Shampo includes no factual allegations to support his allegations. As the Court has repeatedly informed Shampo, "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

3

555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Nor does Shampo state a claim against the Oconto County Jail, which is not a "person" under §1983, or Oconto County. Section 1983 applies to municipalities, but a municipality cannot be liable simply because its employees violate a plaintiff's rights. "[I]n other words, a municipality cannot be liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 691 (1978). Rather, "[m]isbehaving employees are responsible for their own conduct," and "units of local government are responsible only for their policies[.]" *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007). Nothing in the second amended complaint suggests that Rosenfeldt and Melland's alleged responses to Shampo were pursuant to or consistent with an official policy. Accordingly, the Court will dismiss Oconto County and its insurer Wisconsin County Mutual Insurance Company.

**IT IS THEREFORE ORDERED** that Shampo fails to state a claim against Oconto County, Carol Kopp, Mary Ruechel, Chad Angus, Wisconsin County Mutual Insurance Company, and the Oconto County Jail. The clerk's office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the second amended complaint and this order upon David Rosenfeldt and Christopher Melland pursuant to Federal Rule of Civil Procedure 4. Shampo is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not

4

made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Rosenfeldt and Melland shall file a responsive pleading to the second amended complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Green Bay, Wisconsin this 20th day of February, 2026.

s/ *Byron B. Conway*  
BYRON B. CONWAY  
United States District Judge