UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RYKER LOUIS SHAMPO,

      Plaintiff,

      v.                              Case No. 25-CV-1742

SGT. DAVID ROSENFELDT and
CO CHRISTOPHER MELLAND,

      Defendants.

---

**ORDER**

---

      Plaintiff Ryker Louis Shampo is representing himself in this 42 U.S.C. § 1983 case.  He is proceeding on Eighth Amendment and Wisconsin state law negligence claims against Defendants Sgt. David Rosenfeldt and Correctional Officer Christopher Melland based on allegations that Defendants failed to respond to his threats of self-harm.  This matter comes before the Court on Plaintiff's motion to appoint counsel.

      In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).  "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'"  *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).  Accordingly, in exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff

appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007)). The Court may also consider the merits and likelihood of success on the plaintiff's claim in deciding whether to recruit counsel. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) ("A permissible and important aspect of that stewardship is a district court's consideration of the perceived merits of—or likelihood of success on—an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it.").

Plaintiff has satisfied the first prong of the standard. Nevertheless, the Court will deny Plaintiff's motion because he appears capable of representing himself during the early stages of this case. When deciding whether a plaintiff has the capacity to represent himself, the Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Pennewell v. Parish*, 923 F.3d 486, 491 (7th Cir. 2019).

Plaintiff asserts that he lacks the knowledge and experience to proceed in this case. He explains that he had "special needs" in school, completed schooling "two years late," and struggles mentally and physically from attention deficit disorder, severe depression, severe anxiety, obsessive compulsive disorder, and bipolar disorder. (ECF No. 29 at 1.) Yet, most individuals who represent themselves have limited education or experience. Even though Plaintiff filed two amended complaints before he stated a claim, the Court has allowed Plaintiff to proceed on Eighth Amendment and negligence claims against Defendants. The issues in this case are straightforward and will largely turn on Plaintiff's recollection of what happened and how Defendants' responses (or lack thereof) to his threats of self-harm impacted him. Plaintiff's filings have been detailed

2

and organized, suggesting that he understands his claim and has the capacity to represent himself during the early stages of this case.

For these reasons, the Court will deny Plaintiff's motion to appoint counsel. If new challenges arise that Plaintiff does not believe he can overcome, he may renew his motion. If he does so, he should describe in detail what challenges he is facing and what efforts he has made to overcome them.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 29) is **DENIED without prejudice**.

Dated at Green Bay, Wisconsin on June 4, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

3